**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:19-cv-81231-ROSENBERG/REINHART**

SUSAN SHELLY,

Plaintiff,

v.

TARGET CORPORATION,
A foreign corporation

Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This cause is before the Court on Plaintiff's Motion to Remand. DE 5. Defendant has filed a response, DE 11, and Plaintiff has filed a reply, DE 12. The Court has considered these filings and is otherwise fully advised in the premises. Because the amount in controversy is below the jurisdictional threshold, Plaintiff's Motion to Remand is GRANTED.

I. FACTUAL BACKGROUND

Plaintiff Susan Shelly filed this action on August 14, 2019, in state county court. DE 1 ¶ 1. Plaintiff alleges that she purchased Roundup, a week-killing product with allegedly carcinogenic properties, and that Defendant Target Corporation failed to affix proper labels to the product to warn consumers of the risk posed by its use or foreseeable misuse. DE 1, Ex. 2, ¶¶ 5–21. Plaintiff seeks declaratory and injunctive relief, actual damages of no more than $5000, and unspecified attorney's fees and costs under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*. ("FDUTPA"). DE 1, Ex. 2, ¶ 1. Plaintiff's Motion to Remand attached an amended complaint filed in state court on September 4, 2019, stating that "Plaintiff's

counsel will not seek attorneys' fees in this Action equal to or exceeding $75,000.00."[1] DE 5, Ex. 2 at ¶ 48.

On September 5, 2019, Defendant removed this action pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction. DE 1. Plaintiff subsequently filed a Motion to Remand. DE 5.

II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and uncertainties about jurisdiction are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Under section 1332, district courts have original jurisdiction over any civil case where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties' citizenship is diverse. Unlike when a plaintiff files a claim in federal court that satisfies the amount in controversy requirement on its face, removal statutes are construed narrowly. *Burns*, 31 F.3d at 1095. Where, as here, the complaint seeks an unspecified amount of damages, Defendant must establish the amount in controversy by a preponderance of the evidence. *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 357 (11th Cir. 1996).

III. DISCUSSION:

As a general rule, only attorney's fees allowed by statute or by contract count towards the amount in controversy. *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1225, 1265 (11th Cir. 2000). FDUTPA, under which Plaintiff sues, permits an award of

---

[1] Because Defendant did not establish the requisite amount in controversy, the Court need not discuss the effect (if any) of this purported stipulation.

attorney's fees to the prevailing party. Fla. Stat. § 510.2105. Neither party disputes that attorney's fees should count toward the amount in controversy.

The question before the Court is whether Defendant has established by a preponderance that the amount in controversy is in excess of $75,000. In support of its argument, Defendant submits the declaration of an experienced practitioner, demonstrating that attorney's fees would likely exceed $75,000 based on the state of scientific evidence, fee petitions in cases with similar claims, and the parties' incentives. DE 1, Ex. 3. Defendant argues that the proper metric of attorney's fees for jurisdictional purposes is an estimate of the attorney's fees that would likely be incurred were the case to proceed through trial. DE 1 ¶ 16; DE 11 at 9. However, there is a circuit split on this question, with many courts concluding that only attorney's fees incurred as of removal are included in the amount in controversy. *Compare Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998) ("[L]egal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed.") *with Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018) ("[W]e do not share the Seventh Circuit's concern that calculating future attorneys' fees is inherently too speculative.").

The Eleventh Circuit has not weighed in, and although decisions within this district vary, the "date of removal" approach appears to predominate. *See, e.g.*, *Oliva v. Geovera Specialty Ins. Co.*, Case No. 19-cv-23625, 2019 WL 4183582, at *2 (S.D. Fla. Sept. 4, 2019) (measuring attorney's fees as of date of removal and noting split among courts in the Eleventh Circuit); s*ee also Greene v. Columbian Life Ins. Co.*, Case No. 18-cv-21819, 2018 WL 8224886, at *3 (S.D. Fla. June 15, 2018); *Hannat v. USAA Gen. Indem. Co.*, Case No. 17-cv-21754, 2017 WL 4712667, at *2 (S.D. Fla. Oct. 19, 2017); *Frisher v. Lincoln Benefit Life Co.*, Case No. 13-cv-

20268, 2013 WL 12092525, at *4 (S.D. Fla. Aug. 19, 2013); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, Case No. 10-cv-20052, 2010 WL 2044889, at *3–4 (S.D. Fla. April 21, 2010); *Rogatinsky v. Metropolitan Life Ins. Co.*, Case No. 09-cv-80740, 2009 WL 3667073, at *2 (S.D. Fla. Oct. 26, 2009); *but see Parker v. Scottsdale Ins. Co.*, Case No. 18-cv-24340, 2019 WL 409039, at *3 (S.D. Fla. Feb. 1, 2019) (citing *DO Restaurants v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346–47 (S.D. Fla. 2013)); *Moschiach Community Center 770, Inc. v. Scottsdale Ins. Co.*, Case No. 17-cv-62352, 2018 WL 6308671, at *2 (S.D. Fla. Jan. 23, 2018).

The Court concludes that only those attorney's fees incurred as of removal are "in controversy" within the meaning of 28 U.S.C. § 1332.[2] This determination is based on two principles. First, the amount in controversy is assessed "at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[T]he jurisdictional facts that support removal must be judged at the time of removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). At the time of removal, a plaintiff has no legal entitlement to attorney's fees for services that have not been rendered. And as a matter of judicial experience, it is relatively unlikely that any given case will proceed through trial. Speculating that a case will do so at the removal stage is to rely on future, hypothetical events to establish jurisdiction, which is not permitted. *See Gardynski-Leschuck*, 142 F.3d at 958 ("[P]ost-filing events that increase defendant's outlay cannot create jurisdiction that was lacking at the outset.") (citing *Burns*, 31 F.3d at 1097.)

Second, the Court is mindful of the risks posed by asserting jurisdiction over a large swath of state-law claims. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th

---

[2] The Court reached the same conclusion in a prior case. *See Friedman v. Gold Toe Stores, Inc.*, Case No. 9:16-cv-81951 (S.D. Fla. March 31, 2017).

Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly."). Trying a case is expensive, and accounting for future attorney's fees would bring many cases within federal jurisdiction, even when the amount in controversy is otherwise well below the threshold. For any state statute containing a fee-shifting provision, such an approach would meaningfully reduce the opportunities for state courts to develop their own jurisprudence.

Here, Plaintiff claimed unspecified damages of "no more than $5,000," along with injunctive relief, declaratory relief, and attorney's fees. DE 1, Ex. 2 ¶ 1. Defendant does not argue that the amount in controversy, exclusive of future attorney's fees, is in excess of $75,000. Further, the case spent little time in state court prior to removal and the complaint is not particularly complex. It is not reasonably possible that pre-removal attorney's fees could place the amount in controversy above $75,000. Accordingly, the Court is obligated to remand.

IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows**:**

1. Plaintiff's Motion to Remand [DE 5] is **GRANTED**.
2. This case is **REMANDED** to the Fifteenth Judicial County Court in and for Palm Beach County, Florida.

3. The Clerk of Court is instructed to **CLOSE** this case, terminating all deadlines and denying all pending motions as moot.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of September, 2019.

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record